STATE OF NEW YORK
SUPREME COURT          COUNTY OF ONEIDA

CHRISTINE GIBSON,

            Plaintiff,

v.

NEW YORK STATE OFFICE OF MENTAL HEALTH,
CENTRAL NEW YORK PSYCHIATRIC CENTER;
and JOHN DOE(S) and JANE DOE(S),

            Defendants.

**AMENDED COMPLAINT**

Index No.  EFCA2016-000438

Jury Trial Demanded

Plaintiff Christine Gibson, by and through her attorneys, Bosman Law Firm, L.L.C., as and for an Amended Complaint against Defendants New York State Office of Mental Health, Central New York Psychiatric Center and John Doe(s) and Jane Doe(s), alleges as follows:

## INTRODUCTION

1. The nature of this action is to recover money damages and other relief against Defendants for, *inter alia*, violation of Plaintiff's rights under the Family Medical Leave Act (FMLA) and discrimination on the basis of gender and/or age arising from Plaintiff's employment with New York State Office of Mental Health, Central New York Psychiatric Center.  This action is brought under the Family Medical Leave Act, the New York State Human Rights Law, Title VII of the Civil Rights Act of 1964, as amended (Title VII), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq*. (ADEA).

-1-

## JURISDICTION

2. The court may properly exercise jurisdiction over this action pursuant to the Constitution and laws of the State of New York.

## VENUE

3. Venue is proper in Oneida County pursuant to the provisions of CPLR § 503(a). Plaintiff is a resident of Oneida County.

## PARTIES

4. Plaintiff Christine Gibson is a female resident of the County of Oneida, State of New York and at all times relevant herein, an "employee" of the New York State Office of Mental Health, Central New York Psychiatric Center as defined in the FMLA, the Human Rights Law, Title VII, and the ADEA.

5. Defendant employer is the New York State Office of Mental Health, Central New York Psychiatric Center. It is an "employer" within the meaning of the FMLA, the Human Rights Law, Title VII, and the ADEA.

6. Defendants John Doe(s) and Jane Doe(s) are individuals not yet named in this action and Plaintiff will amend the instant complaint to substitute those individuals in place of the John Doe(s) and/or Jane Doe(s) designations.

## FACTS

7. Plaintiff commenced employment with Defendant New York State Office of Mental Health, Central New York Psychiatric Center, on or about March 2006. Plaintiff's position is Security Hospital Treatment Assistant (SHTA).

8. On or about February 28, 2013, Plaintiff applied for leave under the FMLA based on a serious health condition of her daughter who was incapable of self-care. She was duly qualified to take such leave yet the Defendants willfully denied same in violation of said law.

9. On or about October 2015, Plaintiff became the legal custodians of her grandsons.

10. On or about October 2015, Plaintiff applied for a hardship accommodation so she could care for her family. Such accommodation requested that she be scheduled to work the day shift (7:00 a.m. to 3:00 p.m.).

11. On or about November 1, 2015, Plaintiff's request was denied.

12. Plaintiff subsequently made it known to the Respondent facility that her request was short term. Nevertheless, the Respondent facility continued to deny her request.

13. Said denial was discriminatory as based on gender and age inasmuch as male and younger employees are and/or have been allowed such hardship accommodations or requested shift assignment changes:

    A. SHTA Michael Pasello was allowed to transfer from the day shift (7:00 a.m. to 3:00 p.m.) to the midnight shift (11:00 p.m. to 7:00 a.m.) after the facility denied Plaintiff's request in 2015.

    B. Corey Conley was Chief of Security when he was granted a hardship request in 2015.

    C. Ray Mellor, an SHTA, was allowed to transfer from the afternoon shift (3:00 p.m. to 11 p.m.) to the day shift for 9 ½ months for childcare in 2015 pursuant to a hardship request.

D. SHTA Smith, a male, was allowed to transfer from the afternoon shift to the midnight shift in 2015 pursuant to a hardship request.

E. SHTA Matt Argure was allowed to transfer from the afternoon shift to the day shift in 2015 for childcare pursuant to a hardship request. He was also allowed to avoid mandatory overtime assignments.

F. SHTA Owens, a male, was allowed to transfer from the afternoon shift to the midnight shift in 2014 pursuant to a hardship request.

G. SHTA Terry Fox, who is younger than Plaintiff, was allowed to transfer from the day shift to the afternoon shift in 2015 pursuant to a hardship request.

H. SHTA Haley was allowed to transfer to the 11:00 p.m. to 7:00 a.m. shift for hardship.

I. SHTA M. Arcuri was allowed to take a hardship assignment for days.

14. Additionally, Plaintiff was advised that all hardship requests had to be approved by all three departments - the Union (NYSCOPBA), Human Resources, and Chief of Security (Unit Administration). Upon information and belief, younger and male employees have been and are allowed to bypass this formal process.

15. Defendants have historically discriminated and maintain a practice of such discrimination by allowing male or younger employees who have family obligations to take FMLA leave or other accommodation of their circumstances while not allowing same consideration, benefit, or privilege to Plaintiff.

16. By acting as described above, the Defendants acted with malice or with reckless

-4-

disregard for Plaintiff's rights, Plaintiff was caused to suffer harm, including but not limited to, extreme anxiety, embarrassment, humiliation, degradation, stress, loss of pay, harm to reputation and good name, harm to family relations, anger, fear, and nervousness. Such acts by the Defendants have injured the Plaintiff and subjected her to extreme emotional harm and injury and she is entitled to compensation therefor.

<b><u>AS AND FOR A FIRST CAUSE OF ACTION<br>PURSUANT TO THE FAMILY MEDICAL LEAVE ACT</u></b>

17. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 16 with the same force and effect as if fully set forth herein.

18. Upon information and belief, Plaintiff was an employee eligible under the FMLA based on the criteria set forth in 29 U.S.C. § 2611(2).

19. Upon information and belief, Defendant New York State Office of Mental Health, Central New York Psychiatric Center is an employer subject to the FMLA based on the criteria set forth in 29 U.S.C. § 2611(4), 2617.

20. Upon information and belief, at all times relevant hereto, Plaintiff's daughter suffered a serious health condition which rendered her incapable of self-care.

21. Plaintiff duly applied for leave under the FMLA based on said serious health condition of her daughter yet the Defendants willfully denied same in violation of said law.

22. As a direct and proximate result of Defendants' willful denial of FMLA leave, Plaintiff was harmed and injured and is entitled to compensation therefor.

## AS AND FOR A SECOND CAUSE OF ACTION
## PURSUANT TO THE NYS HUMAN RIGHTS LAW

23. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 22 with the same force and effect as if fully set forth herein.

24. Defendants violated rights guaranteed to Plaintiff under the NYS Human Rights Law in that Plaintiff was subjected to discrimination in matters relating to her employment because of her gender and age.

25. As a direct and proximate result of the Defendants' unlawful acts and omissions, the Plaintiff has sustained injury and harm as set forth above and is entitled to compensation therefor.

## AS AND FOR A THIRD CAUSE OF ACTION
## UNDER TITLE VII FOR DISCRIMINATION BASED ON GENDER

26. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 25 above.

27. On or about February 11, 2016, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's EEOC complaint was cross-filed with the New York State Division of Human Rights pursuant to a work-share agreement.

28. On or about December 13, 2016, the U.S. Department of Justice, Civil Rights Division issued a Notice of Right to Sue letter to Plaintiff.

29. Defendant New York State Office of Mental Health, Central New York Psychiatric Center, as Plaintiff's employer as that term is defined under Title VII of the Civil Rights Act of 1964, as amended, violated rights guaranteed to the Plaintiff under Title VII in that Plaintiff was

-6-

subjected to discrimination in matters relating to the terms, conditions and privileges of her employment because of her gender.

30. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

### AS AND FOR A FOURTH CAUSE OF ACTION
### UNDER THE ADEA FOR DISCRIMINATION BASED ON AGE

31. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs 1 through 25 above.

32. Defendant New York State Office of Mental Health, Central New York Psychiatric Center, as Plaintiff's employer as that term is defined under the ADEA, violated rights guaranteed to the Plaintiff under the ADEA in that Plaintiff was subjected to discrimination in matters relating to the terms, conditions and privileges of her employment because of her age.

33. Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

(a) Judgment awarding Plaintiff compensatory damages in an amount to be determined by a finder of fact, in excess of jurisdictional limits of all lower courts;

(b) Judgment awarding Plaintiff punitive damages in an amount to be determined by a finder of fact, in excess of jurisdictional limits of all lower courts;

(c) Granting the following injunctive relief:

1. Restraining Defendants from engaging in further discriminatory or retaliatory treatment;

2. Require the Defendants to review and correct all unconstitutional, discriminatory and retaliatory treatment and conduct within their facilities;

3. Mandate training and educational programs for employees about discrimination and retaliation;

4. Require annual reports demonstrating efforts and success at compliance in providing a discrimination and retaliation-free environment;

(d) Attorneys' fees and costs as provided by law;

(e) Declaratory relief that the Defendants violated the Plaintiff's rights under the law;

(f) An apology and letter of apology from each Defendant;

(g) Granting such other and further relief as the court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

Dated: March 13, 2017
       Rome, New York

                                  A.J. Bosman, Esq.
                                  Bosman Law Firm, L.L.C.
                                  *Attorneys for Plaintiff*
                                  Office and Post Office Address
                                  201 W. Court Street
                                  Rome, New York 13440
                                  Telephone: (315) 336-9130