UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTINE GIBSON,

                  Plaintiff,

v.	6:17-CV-0608
	(GTS/TWD)
NEW YORK STATE OFFICE OF MENTAL
HEALTH; CENTRAL NEW YORK
PSYCHIATRIC CENTER; and JOHN and JANE
DOES,

                  Defendants.
_____

APPEARANCES:	OF COUNSEL:

BOSMAN LAW FIRM, LLC	A.J. BOSMAN, ESQ.
  Counsel for Plaintiff
3000 McConnellsville Road
Blossvale, NY 13308

HON. LETITIA JAMES	TIMOTHY P. MULVEY, ESQ.
Attorney General of the State of New York
  Counsel for Defendants
615 Erie Boulevard West, Suite 102
Syracuse, NY 13204-2455

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

     Currently before the Court, in this action pursuant to the Family Medical Leave Act ("FMLA") by Christine Gibson ("Plaintiff") against the New York State Office of Mental Health ("OMH"), the Central New York Psychiatric Center ("CNYPC"), and John and Jane Doe Defendants (collectively "Defendants"), is Defendants' motion for summary judgment. (Dkt. No. 45.) For the reasons set forth below, Defendants' motion for summary judgment is denied.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, in her Complaint, Plaintiff asserts four claims: (1) a claim that Defendants improperly and willfully denied Plaintiff's request for leave to care for her daughter while her daughter was suffering from a serious health condition that rendered her incapable of self-care in violation of the FMLA; (2) a claim that Defendants discriminated against Plaintiff based on her age and gender in violation of the New York State Human Rights Law; (3) a claim that Defendants discriminated against Plaintiff based on her gender in violation of Title VII of the Civil Rights Act of 1964; and (4) a claim that Defendants discriminated against Plaintiff based on her age in violation of the Age Discrimination in Employment Act ("ADEA"). (Dkt. No. 2 [Pl.'s Compl.].)

In its April 24, 2018, Decision and Order, the Court dismissed Plaintiff's Second, Third, and Fourth Claims. (Dkt. No. 24 [Decision and Order filed Apr. 24, 2018].) On August 13, 2018, the Court issued an Amended Decision and Order in which it reinstated Plaintiff's Second Claim because the Eleventh Amendment did not bar that claim and Defendants had not moved to dismiss on the merits of that claim. (Dkt. No. 33 [Am. Decision and Order filed Aug. 13, 2018].) However, on March 12, 2019, the Court dismissed Plaintiff's Second Claim on the merits in response to a second motion to dismiss. (Dkt. No. 39 [Decision and Order filed Mar. 12, 2019].) As a result, the only claim remaining in this litigation is Plaintiff's First Claim alleging interference with her rights under the FMLA.

### B. Undisputed Material Facts on Defendants' Motion for Summary Judgment

Unless otherwise noted, the following facts were asserted and supported with accurate

record citations by Defendants in their Statement of Material Facts and expressly admitted by Plaintiff in her response thereto or denied without appropriate citation. (*Compare* Dkt. No. 45, Attach. 8 [Defs.' Rule 7.1 Statement] *with* Dkt. No. 47, Attach. 4 [Pl.'s Rule 7.1 Resp.].)

    1.    Plaintiff is an employee of Defendants OMH and CNYPC.

    2.    Plaintiff began her employment with Defendant OMH in March 2006.

    3.    Plaintiff is employed at Defendant CNYPC as a Secure Hospital Treatment Assistant.

    4.    On July 10, 2009, Plaintiff applied for family medical leave from her position at CNYPC pursuant to the FMLA.

    5.    Plaintiff's 2009 application for family medical leave was approved on August 4, 2009.

    6.    On March 30, 2011, Plaintiff applied for family medical leave from her position at CNYPC pursuant to the FMLA.

    7.    Plaintiff's 2011 application for family medical leave was denied because Plaintiff had not worked the required 1250 hours within the previous 12 months to be eligible.

    8.    On February 23, 2012, Plaintiff applied for family medical leave from her position at CNYPC pursuant to the FMLA.

    9.    Plaintiff's 2012 application for family medical leave was approved on March 14, 2012.

    10.    On February 27, 2013, Plaintiff applied for family medical leave from her position at CNYPC to care for her 31-year-old daughter and her grandsons, aged 7 and 8 years.

    11.    In March 2013, Christopher Powers was the Associate Personnel Administrator at

CNYPC.

12.     In March 2013, Mr. Powers was responsible for reviewing and approving or disapproving requests for family medical leave at CNYPC.

13.     On March 20, 2013, Mr. Powers discussed Plaintiff's FMLA request with attorney Lynn Vance, the counsel to the Governor's Office of Employee Relations ("GOER").[1]

14.     On March 22, 2013, Plaintiff's application for family medical leave was denied because Plaintiff's daughter was over 18 years old.

15.     In 2015, Plaintiff applied for family medical leave from her position at CNYCP.

16.     Plaintiff's 2015 application for family medical leave was denied on October 14, 2015, because Plaintiff had exhausted her FMLA leave entitlement for the applicable 12-month period.

C.     **Parties' Briefing on Defendants' Motion for Summary Judgment**

1.     **Defendants' Memorandum of Law**

Generally, in their motion for summary judgment, Defendants argue that Plaintiff's First

---

[1] Plaintiff denies this asserted fact, citing an email dated April 2, 2013. This email indicates that Mr. Powers stated that he "sent an e-mail to the Attorney at the Governor's Office of Employee Relations" and that he would let Plaintiff "know the outcome of [his] conversation with her." (Dkt. No. 47, Attach. 2, at 15.) This email thus does not contradict his statement in his declaration that he spoke with Ms. Vance on March 20, 2013. (Dkt. No. 45, Attach. 7, at ¶ 6 [Powers Decl.].) Rather, based on further statements in both Mr. Powers' declaration and the email chain cited by Plaintiff, it appears that the March 20, 2013, conversation referenced in the asserted fact relates to a different conversation with a GOER attorney than the conversation referenced in the April 2, 2013, email to Plaintiff; Mr. Powers states that he had the conversation referenced in the asserted fact before denying Plaintiff's request on March 20, 2013, while the April 2, 2013, email was in response to an email sent by Plaintiff after her request had already been denied. (Dkt. No. 45, Attach. 7, at ¶¶ 6-9 [Powers Decl.]; Dkt. No. 47, Attach. 2, at 13-15.) Plaintiff's cited evidence therefore does not address the asserted fact, and the asserted fact is deemed admitted.

Claim under the FMLA is barred by the statute of limitations because there is nothing in the record to support Plaintiff's contention that any violation of her FMLA rights by Defendants was willful (and thus her claim is subject to the shorter two-year statute of limitations generally applicable to FMLA claims rather than the three-year statute of limitations applicable to claims where the conduct is alleged to be willful). (Dkt. No. 45, Attach. 9, at 2-5 [Defs.' Mem. of Law].) In support of their contention that any violation of the FMLA was not willful, Defendants note that (a) the decision-maker on Plaintiff's FMLA request consulted with an attorney at GOER before determining that Plaintiff was not entitled to FMLA leave, and (b) Defendants had approved Plaintiff for FMLA leave twice in the past when they believed that Plaintiff was eligible. (*Id.* at 5.)

2. **Plaintiff's Opposition Memorandum of Law**

Generally, in opposition to Defendants' motion, Plaintiff asserts two arguments. (Dkt. No. 47, at 3-7 [Pl.'s Opp'n Mem. of Law].) First, Plaintiff argues that she was entitled to FMLA leave to care for her daughter because (a) the definition of "child" in the FMLA includes persons 18 or older who are incapable of self-care due to a mental or physical disability, and (b) the information submitted by her daughter's physician established that her daughter would be incapable of self-care at the relevant time, or was at least sufficient to allow a reasonable factfinder to find that her daughter was incapable of self-care. (*Id.* at 3-5.)

Second, Plaintiff argues that Defendants' denial of leave was willful, or that there is at least a genuine dispute of material fact as to willfulness, based on the fact that (a) Mr. Powers denied her request solely because her daughter was over the age of 18 despite having written a manual only a month before in which it states that FMLA includes care for an adult child who is

incapable of self-care, (b) the denial does not state that Mr. Powers made a finding that Plaintiff's daughter was incapable of self-care, and any such finding would nonetheless have been contrary to the doctor's clear statements, (c) Defendants have offered no evidence but Mr. Powers' "hearsay" statement to establish that he spoke with an attorney at GOER before making the decision to deny her request and, in any event, any advice received that the stated reason for the denial was in accordance with FMLA would not constitute a defense, and (d) past examples where Defendants followed the law in granting FMLA requests do not excuse a willful violation of the FMLA in this instance. (*Id.* at 5-7.)

### 3. Defendants' Reply Memorandum of Law

In their reply memorandum of law, Defendants argue that Plaintiff has abandoned her claim that the denial of her FMLA request was willful because she failed to address that issue in her opposition memorandum of law. (Dkt. No. 48, Attach. 1, at 2-4 [Defs.' Reply Mem. of Law].)

## II. LEGAL STANDARD GOVERNING A MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2] As for the materiality requirement, a dispute of fact is

---

[2] As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]. As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

6

"material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Anderson*, 477 U.S. at 255. In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial. Fed. R. Civ. P. 56(a), (c), (e).[3]

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute.[4] Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group,*

---

[3] Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching number paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[4] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

*Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[5]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[6] Stated another way, when a non-movant fails to oppose a legal argument asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30,

---

[5] Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[6] *See, e.g., Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

### III. ANALYSIS

After careful consideration of whether Plaintiff has raised a genuine dispute of material fact as to whether Defendants' alleged interference with her FMLA rights was willful, the Court answers this question in the affirmative for the reasons stated in Plaintiff's opposition memorandum of law. To those reasons, the Court adds the following analysis.

Violations of the FMLA are typically subject to a two-year statute of limitations; however, where the employer's behavior is found to be willful, such claims are subject to a three-year statute of limitations. *Porter v. New York Univ. Sch. of Law*, 392 F.3d 530, 531 (2d Cir. 2004). The term "willful" is not specifically defined in the FMLA; however, the Second Circuit has applied the definition of "willfully" found in the Fair Labor Standards Act as the appropriate standard for FMLA cases; under this standard, an employer acts willfully "when he or she 'knew or showed reckless disregard for the matter of whether its conduct was prohibited" by the statute. *Porter*, 392 F.3d at 531-32. Conduct is not considered willful where the employer acted reasonably, or acted unreasonably but not recklessly when determining whether its actions violated the FMLA. *Smith v. Westchester Cnty.*, 769 F. Supp. 2d 448, 463 (S.D.N.Y. 2011). "Willful conduct is 'not merely negligent.'" *Mejia v. Roma Cleaning, Inc.*, 751 F. App'x 134, 136 (2d Cir. 2018) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 [1988]). Additionally, "[n]either an employer's good-faith but incorrect assumption regarding its statutory obligations, nor an employer's lack of a reasonable basis for believing that it was complying with the statute, is by itself sufficient to demonstrate an employer's willfulness." *Prout v. Vladeck*,

316 F. Supp. 3d 784, 802 (S.D.N.Y. 2018).

Under the FMLA, an eligible employee is entitled to leave "[i]n order to care for the spouse, or son, daughter, or parent of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2512(a)(1)(C). "Son or daughter" is defined in the FMLA as "a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is–(A) under 18 years of age; or 18 years of age or older and incapable of self-care because of a mental or physical disability." 29 U.S.C. § 2611(12). Consequently, taking Defendants' multiple statements in their denial letter and other contemporaneous documents that Plaintiff's FMLA request was denied simply because Plaintiff's daughter was over the age of 18 in the light most favorable to Plaintiff (as the Court must at this stage), the Court finds that a reasonable factfinder could conclude that Defendants' denial was lacking under the FMLA in that there is no indication that they actually relied on a finding that Plaintiff's daughter was incapable of self-care in making that decision.[7] (Dkt. No. 45, Attach. 5, at 5, 10-12; Dkt. No. 47, Attach. 2, at 11.)

Assuming that Defendants did in fact rely solely on Plaintiff's daughter's age without considering whether she was also incapable of self-care (as the evidence here facially suggests), the Court finds that there is also a genuine issue of fact as to whether Defendants' allegedly improper denial of FMLA leave was willful. The statute is clear that children over the age of 18

---

[7] The Court additionally finds that, given the statements from Plaintiff's daughter's doctor submitted with Plaintiff's request, there remains a genuine dispute of material fact as to whether (a) Defendants' appropriately considered that evidence in making their decision, and (b) whether that evidence supports Defendants' denial of Plaintiff's request under the FMLA (i.e., whether a reasonable factfinder could conclude that Defendants implicitly and reasonably found no incapability of self-care despite not explicitly asserting that as a basis for the denial).

are covered if they have a condition that renders them incapable of self-care, and Mr. Powers arguably should have been familiar with that statute given that, based on his own statements, his duties included reviewing and approving FMLA leave requests; given these facts, a reasonable factfinder could conclude that Mr. Powers either knew that a denial based solely on the fact that Plaintiff's daughter was over the age of 18 (without a consideration of whether she was incapable of self-care) was contrary to the requirements of FMLA, or recklessly disregarded the risk that he was not properly applying all of the required criteria. In particular, the Court finds that there is a genuine question of fact as to whether (a) Mr. Powers made an incorrect assumption as to who constituted a "son or daughter" under the definitions of FMLA (i.e., whether he knew that there were certain instances in which a child over the age of 18 was covered), and (b) any such incorrect assumption was in good-faith or was reckless so as to constitute willfulness. Given these genuine questions of fact, the Court cannot say at this stage which statute of limitations applies to Plaintiff's FMLA claim.

The Court additionally notes that the fact that Mr. Powers consulted with an attorney at GOER before making the decision to deny Plaintiff's FMLA request does not serve to eliminate this question of fact as to whether Mr. Powers' conduct was reckless. In particular, the submitted evidence does not establish what specifically Mr. Powers and the attorney discussed; Mr. Powers' declaration states only that he "discussed [Plaintiff's] FMLA request with attorney Lynn Vance." (Dkt. No. 45, Attach. 7, at ¶ 6 [Powers Decl.].) His cited notes regarding that conversation state that he "spoke with Lynn Vance earlier today and discussed the FMLA request submitted for the care of the grand children while her daughter is recovering from surgery. Just disapproved the FMLA request based on the fact that the employees [sic] child is over the age of

11

eighteen." (Dkt. No. 45, Attach. 5, at 10.) These notes in particular appear to suggest that Mr. Powers and Ms. Vance discussed only the aspect of her request about the care she would also need to provide to her two grandchildren, not specifically whether the care of Plaintiff's daughter would be covered by the FMLA. As a result, this evidence does not serve to show that Mr. Powers was not reckless when making the determination as to Plaintiff's daughter.

For the above reasons, the Court denies Defendants' motion for summary judgment.[8]

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 45) is **DENIED**; and it is further

**ORDERED** that counsel are direct to appear on **January 14, 2020 at 10:00 AM in Syracuse, NY**, for a pretrial conference, at which time counsel are directed to appear with settlement authority, and in the event that the case does not settle, trial will be scheduled at that time. Plaintiff is further directed to forward a written settlement demand to Defendants no later than **December 18, 2019**, and the parties are directed to engage in meaningful settlement negotiations before the conference. In the event that counsel feel settlement is unlikely, counsel may request to participate via telephone conference for the limited purpose of scheduling a trial date by electronically filing a letter request at least one week before the scheduled conference.

---

[8] The Court notes that Defendants have not submitted arguments indicating that they are seeking summary judgment on the merits of Plaintiff's claim, but merely argue that her claim is barred by the statute of limitations. Notwithstanding, the Court has already noted in note 7 of this Decision and Order that, based on the record, there appear to be genuine disputes of material fact as to whether Defendants' denial of Plaintiff's request constituted a denial of her rights under the FMLA.

Dated: November 25, 2019
      Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge