UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHRISTINE GIBSON,

                          Plaintiff,      STIPULATION OF DISCONTINUANCE
                                              PURSUANT TO RULE 41(A)

   -against-

                                                  6:17-CV-0608

NEW YORK STATE OFFICE OF
MENTAL HEALTH,

                        Defendant.

      IT IS HEREBY STIPULATED AND AGREED by and between the undersigned, the attorneys for plaintiff and defendants, parties to the above entitled-action, that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

      1.    Plaintiff discontinues this action with prejudice and without damages, costs, interest or attorney's fees, and discharges and releases defendants and the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation or claims against the defendants and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned action, or any results of the aforementioned facts, circumstances or incidents.

      2.    Defendants discharge and release plaintiff from any and all claims, demands, or causes of actions, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action.

      3.    This action is hereby discontinued with prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

      4.    The parties agree that no provision of this settlement shall be interpreted to be an

acknowledgment of the validity of any of the allegations or claims that have been made in the action.

5. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts or merits of their respective positions. The settlement of this action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to. This settlement does not form and shall not be claimed as any precedent for, or an agreement by the parties to any generally applicable policy or procedure in the future.

6. Following the execution of this stipulation, and its being ordered by the Court, defendants shall pay to plaintiff the sum of Five Thousand dollars ($5,000.00) for pain, suffering, and emotional distress, in full settlement of any and all claims. Payment by defendants of this amount shall be made in one check. The check shall be drawn to the order of Bosman Law, L.L.C. on behalf of the plaintiff, Christine Gibson, in the amount of $5,000.00 and mailed to Bosman Law, L.L.C., 3000 McConnellsville Road, Blossvale, New York 13308. This amount includes all sums to which plaintiff is entitled, including but not limited to damages, costs, and attorney's fees.

7. Payment by defendants of the amount specified in paragraph 6 is conditioned on the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law.

8. This stipulation shall be null and void if the approvals referred to in paragraph 7 are not obtained, and this action shall then be placed back on the trial calendar without prejudice.

9. Payment of the amounts referenced in paragraph 6 will be made within one hundred and twenty (120) days after the approval of this stipulation by the Court and receipt by defendant's counsel of a copy of the so-ordered stipulation.

10. In the event that the terms of paragraph 7 are satisfied, but payment is not made within the 120 day period set forth in paragraph 10, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the one hundred and twenty-first day after court approval.

11. Plaintiff acknowledges that she has consulted with her counsel-of-record about this Stipulation prior to executing same and is satisfied with her representation in this matter. Plaintiff signs this Stipulation voluntarily.

12. The foregoing constitutes the entire agreement of the parties.

Dated: September 14, 2021
      Syracuse, New York

                LETITIA JAMES
                Attorney General of the State of New York
                Attorney for Defendants
                Timothy P. Mulvey, Esq., of counsel
                300 South State Street, Suite 300
                Syracuse, New York 13202
                By: _Timothy P Mulvey_
                      Timothy P. Mulvey
                      Assistant Attorney General
                      Bar Roll No. 510757

Dated: September 10, 2021
      Blossvale, New York

                _/s/ A.J. Bosman_
                A.J. Bosman, Esq.
                Robert Strum, Esq.
                Bosman Law, L.L.C.
                Attorneys for Plaintiff
                3000 McConnellsville Road
                Blossvale, New York 13308

                _Christine Gibson_
                Christine Gibson

Dated: September 14, 2021
      Syracuse, New York

                SO ORDERED:

                _Glenn T. Suddaby_
                Hon. Glenn T. Suddaby
                Chief U.S. District Judge